Filed 9/21/15  P. v. Brim CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN KEITH BRIM,<br><br>    Defendant and Appellant. | B261264<br><br>(Los Angeles County<br>Super. Ct. No. A454175) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Affirmed.

    Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Brian Keith Brim appeals from the court's order denying his petition for reduction to misdemeanor, which he brought pursuant to the Safe Neighborhoods and Schools Act (Prop. 47, § 14, as approved by voters, Gen. Elec. (Nov. 4, 2014)) (Proposition 47). Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. Appellant filed a supplemental brief. We have reviewed the entire record and have considered appellant's supplemental brief. We find no arguable issue and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case.

In July 1982, appellant pled guilty to one count of possession of phencyclidine for sale. (Health & Saf. Code, § 11378.5.) In November 1982, the court sentenced appellant to three years in state prison.

In December 2014, appellant filed a petition to reduce his 1982 conviction to a misdemeanor pursuant to Penal Code section 1170.18, subdivision (f), the resentencing provisions of Proposition 47. The court denied the petition because the crime of possession of phencyclidine for sale is not eligible for resentencing or reclassification under Proposition 47. Appellant filed a timely appeal from the court's order.

## DISCUSSION

Appellant's supplemental brief contends the court erred because his 1982 conviction is "invalid" and has "no factual basis." He asserts he never actually pled guilty in 1982, despite the presence in the record of a minute order from his 1982 plea hearing and his *Tahl*[1] waiver form. First, the trial court already rejected this same contention when appellant filed a motion to vacate his 1982 conviction, and we dismissed his appeal in that case because the order denying his motion to vacate was nonappealable. (*People v. Brim* (Nov. 9, 2011, B228977) [nonpub. opn.].) Second, even if appellant's

---

[1]     *In re Tahl* (1969) 1 Cal.3d 122.

contention had merit, the basis for his plea has nothing to do with whether the conviction may be reclassified under Proposition 47. The trial court did not err in determining appellant's conviction was not eligible for reclassification. Proposition 47 applies to certain drug possession offenses, but not possession for sale. (Pen. Code, § 1170.18, subd. (a); 3 Witkin, California Criminal Law 4th (2015 supp.) Punishment, § 308A, p. 73.)

Having examined the entire record and appellant's contentions, we are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly*, *supra*, 40 Cal.4th at pp. 123-124.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

3